UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DARRYL EDWARD BAKER                                                 PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:10CV-P73-M

SOUTHERN HEALTH PARTNERS                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Darryl Edward Baker, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff was at the pertinent time an inmate at the Hopkins County Jail (HCJ). He sues Southern Health Partners, the medical provider at the HCJ. He states that he was transferred to the Hopkins County Jail in January 2010 and at that time he provided Southern Health Partners with copies of written documentation from the medical provider at his previous facility that he needed to be out of his cell when it was being cleaned due to "severe allergies and sinus." Plaintiff alleges that Defendant ignored these "medical facts" and on March 23 and 24, 2010, cleaning supplies were instructed with approval by Defendant to be brought into Plaintiff's cell, thereby jeopardizing Plaintiff's health and well-being. He further states that on the evening of March 24, 2010, he was confined in solitary confinement causing him loss of ability to watch television and having access to a telephone only one hour per week. He alleges that had Southern Health Partners not ignored the written medical instructions he would not have been put in a dangerous health situation or solitary confinement. He further alleges that on March 6,

2010, he was put on disciplinary action as a result of Defendant's medical staff stating that he had no medical condition relating to any chemicals or cleaning supplies. As relief, Plaintiff wants monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims for injunctive relief*

Since Plaintiff filed his complaint, the Court has been notified by the Hopkins County Jail, that Plaintiff has been transferred. Thus, Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at the HCJ. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

*Claims for monetary relief*

A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts

2

committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).

Plaintiff has not alleged that Southern Health Partners had a policy or custom that caused a deprivation of his federal rights. Therefore, the Court will dismiss the monetary damages claim against Defendant Southern Health Partners.

Nor is there any need to allow Plaintiff to amend to sue a different party given that Plaintiff's claim is not serious in nature. *See Allen v. Siddiqui*, No. 3:07CV-P261-H, 2007 WL 4104418, at *8 (W.D. Ky. Nov. 14, 2007); *Tate v. Bell*, Civil Action No. 2:06-cv-00627, 2007 WL 1965592, at *5 (S.D. Ohio July 3, 2007) (finding that Plaintiff had not shown that an allergic reaction was a serious medical need where plaintiff did not provide evidence demonstrating that his allergies put him at substantial risk of serious harm where he just contended that he was allergic to fish and vinegar and that his allergies previously were recognized and accommodated); *Cantoral v. Kyle*, No. Civ. A. 605CV87, 2005 WL 1606436, at *4 (E.D. Tex. June 30, 2005) ("[A]llergies are not the type of medical problem that trigger the protection of the Constitution.").

## III. CONCLUSION

For the foregoing reasons, by separate Order, Plaintiff's claims will be dismissed.

Date:

cc: Plaintiff, *pro se*
 Defendant
 Hopkins County Attorney
4414.009